**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| LASHONDIA S. PARRY and<br>FRANK CLIFFORD PARRY, IV, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-179 SRW |
| | ) | |
| JONATHON GRAYS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the motion of self-represented Plaintiffs Lashondia S.

Parry and Frank Clifford Parry, IV, pretrial detainees at the Pemiscot County Jail in Cauthersville,

Missouri, for leave to commence this action without payment of the required filing fee. ECF No.

2. Multiple prisoners may not join together in single lawsuit under Rule 20 of the Federal Rules of

Civil Procedure. As a result, the Court will strike Plaintiff Frank Clifford Parry, IV from this action.

Additionally, the Court will grant Plaintiff Lashondia S. Parry's motion to proceed *in forma*

*pauperis* and dismiss this action for failure to state a claim pursuant to 28 U.S.C. § 1915.

**Permissive Joinder**

The Prison Litigation Reform Act of 1995 ("PLRA") requires that "if a prisoner brings a

civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full

amount of a filing fee." 28 U.S.C. § 1915(b)(1). Prisoners proceeding *in forma pauperis* may pay

the fee in installments. 28 U.S.C. § 1915(b). Implementation of the PLRA was designed to make

prisoners feel the deterrent effect of the filing fee. *See e.g., Hampton v. Hobbs*, 106 F.3d 1282,

1

1286 (6th Cir. 1997). Each individual plaintiff must feel the financial effect of filing a suit in federal court. *See id.*; 28 U.S.C. § 1915(b). As a result, each plaintiff must pay the full filing fee.

"Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA." *Lilly v. Ozmint*, 2007 WL 2021874 *1 (D.S.C. July 6, 2007) (slip copy); *see* 28 U.S.C. § 1914 (filing fee statute). The requirement of § 1915(b)(1) that each "prisoner shall be required to pay the full amount of a filing fee" requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

In addition, "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396 *2 (D.N.J. Feb .19, 2009) (slip copy) (citing *Wasko v. Allen County Jail*, 2006 WL 978956 (N.D. Ind. 2006); *Swenson v. MacDonald*, 2007 WL 240233 *2-4 (D. Mont. Jan. 30, 2006) (slip copy)).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates.

*Hagwood,* 2009 U.S. Dist. LEXIS 13108 at *6, 2009 WL 427396 at *2.

Finally, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed. Prisoners should not be

2

allowed to circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

For these reasons, the Court will not allow Plaintiffs Lashondia Parry and Frank Parry, IV to proceed jointly in this action. Because Lashondia S. Parry is the lead Plaintiff in this case, the Court will strike Frank Clifford Parry, IV from this action.[1] If Mr. Parry wishes to file a complaint against the same or different defendants as those named in this case, he must do so in his own separate lawsuit.

### Partial Initial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff Lashondia Parry did not submit a certified copy of her inmate account statement, but based upon the information provided in her Application to Proceed in District Court Without Prepaying Fees or Costs, the Court will assess an initial partial filing fee of $1.00, which is an

---

[1] Additionally, Lashondia S. Parry appears to have drafted the complaint as evidenced by the request for relief which states: "I feel that they [Defendants] need to be fired f[ro]m the[i]r job[s] for . . . l[y]ing about *me and my man Frank Parry IV*." ECF No. 1 at 10 (emphasis added).

amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of her prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

<h3 style="text-align:center">Legal Standard on Initial Review</h3>

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On December 10, 2021, Lashondia Parry and Frank Parry, IV filed this action on a Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Eight defendants are named in their official and individual capacities: (1) Jonathon Grays, employee of Caruthersville Police Department; (2) Jason Ryan, employee of Reflections Consulting, LLC; (3) SEMO-NASV;[2] (4) Brandie Bell, employee of SEMO-NASV; (5) Michelle Burgess, Caseworker at Family Service's Children's Division; (6) Chastity Durbin, employee of SEMO-NASV; (7) Ann R. Weeks, Caseworker at Caseworker at Family Service's Children's Division; and (8) the State of Missouri Social Services Children's Division.

---

[2] SEMO-NASV, or Southeast Missouri Network Against Sexual Violence, is a first-response agency providing care for child and adult survivors of sexual violence. SEMO-NASV offers advocacy, counseling, and sexual assault forensic exams. The organization is funded by donations and grants, and receives referrals from human services, medical law enforcement and legal entities. *See* A*SEMO-NASV*, available at https://www.semonasv.org/ (last accessed on Dec. 13, 2021).

The statement of the claim cites to two underlying state criminal actions, *State v. Frank Parry*, Case No. 19-PE-CR0088-01 (34th Jud. Cir. Ct., Pemiscot County, Missouri) and *State v. Lashonda Sue Parry*, Case No. 19-PE-CR0089-01 (34th Jud. Cir. Ct., Pemiscot County, Missouri). A review of the state court proceedings on Missouri Case.net, the State of Missouri's online docketing system, reflects that both criminal cases are currently pending.[3] Frank Parry is charged with four counts of child molestation in the first degree, and is scheduled for trial on April 7, 2022. Lashonda Parry is charged with two counts of child molestation in the first degree, and is scheduled for a case review hearing on January 4, 2022.

Plaintiff alleges the child molestation charges against her and Frank Parry are based on "lies" by the Defendants because the sexual assault forensic exam performed on the victim revealed "normal" results despite the minor child's allegations of sexual contact. As a result, she asserts there was no probable cause to criminally charge her or Frank Parry. Plaintiff identifies non-defendant John R. Trimm as the individual who completed the police report without a "probable cause statement," and alleges non-defendant prosecuting attorney Leann Ryan inappropriately changed the dates on their charges. The complaint contains no direct allegations against the named defendants, other than the general statement that they lied.

For relief, Plaintiff requests that Defendants be terminated from their employment and "put in jail for l[y]ing." She also seeks one million dollars for false imprisonment.

---

[3] The Court takes judicial notice of the public record reflected on Case.net. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

**Discussion**

The United States Supreme Court has held that in order to recover damages under § 1983 for an unconstitutional conviction or imprisonment, a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages regarding a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. *See also Newmy v. Johnson*, 758 F.3d 1008, 1009 (8th Cir. 2014); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996).

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before a conviction, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

The instant § 1983 action is based on the same set of facts and circumstances giving rise to the criminal charges in *State v. Frank Parry*, Case No. 19-PE-CR0088-01, and *State v. Lashonda Sue Parry*, Case No. 19-PE-CR0089-01. The allegations asserted here relate to rulings that will

7

likely be made in Plaintiff and Frank Parry's criminal trials. The Supreme Court noted in *Wallace* that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. Thus, the principles of *Wallace v. Kato* support that further consideration of plaintiff's § 1983 claims of false arrest and false imprisonment should be stayed until the underlying criminal matter is fully adjudicated.

The Court, however, will decline to stay this case pursuant to *Wallace v. Keto* because doing so would be futile. In the event this action is stayed and later reopened after the completion of the state proceedings, Plaintiff's claims against the named Defendants would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

First, the complaint contains only generally-asserted individual capacity claims that the defendants "lied." These allegations amount to nothing more than the "unadorned," "the-defendant-unlawfully-harmed-me" accusations that offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678 (internal citations omitted). Plaintiff does not explain what the defendants "lied" about or how their actions were directly responsible for a violation of her constitutional rights.[4] The only specific allegations addressed in the statement of the claim relate to John Trimm and Leann Ryan who are not defendants in this action. As such, plaintiff's individual capacity claims cannot pass initial review as they fail to state a claim upon which relief can be granted.

---

[4] A plaintiff pursuing a cognizable individual-capacity Section 1983 claim must allege that the defendant "was personally involved in or had direct responsibility for incidents that injured" the plaintiff. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *accord Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999). A complaint fails to state an individual-capacity claim under § 1983 when it does not include adequate factual allegations demonstrating that each defendant was "responsible for," *Duffie v. City of Lincoln*, 834 F.3d 877, 881 (8th Cir. 2016), or "personally involved in," *Jones v. Roy*, 449 Fed. Appx. 526, 526-27 (8th Cir. 2011) (unpublished per curiam decision), the allegedly unconstitutional conduct.

Second, Plaintiff's official capacity claims against the State of Missouri Social Services

Children's Division and its' employees, including Ann Weeks and Michelle Burgess, are barred

by the Eleventh Amendment. *Texas Community Bank, N.A. v. Missouri Dept. of Social Services,*

*Div. of Medical Services*, 232 F.3d 942, 943 (8th Cir. 2000) (the Missouri Department of Social

Services is a state agency entitled to Eleventh Amendment immunity); *Alsbrook v. City of*

*Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (The Missouri Department

of Social Services, as an agency of the State of Missouri, is not a "person" within the meaning

of 42 U.S.C. § 1983); *Cutts v. Berry*, No. 4:06-CV-41 CAS, 2006 WL 8459116, at *2 (E.D. Mo.

Oct. 19, 2006) (an official capacity suit against an employee of the Missouri Department of Social

Services is actually a suit against the State and, thus, subject to dismissal under the Eleventh

Amendment).

Third, the complaint fails to state an official capacity claim against Jonathon Grays, an

employee of the Caruthersville Police Department. Naming a government official in his official

capacity is the equivalent of naming the government entity that employs him. *See Will v. Michigan*

*Dept. of State Police*, 491 U.S. 58, 71 (1989). Police departments, however, are not entities that

can be sued under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities

such as police departments are "not juridical entities suable as such. They are simply departments

or subdivisions of the City government"). *See also De La Garza v. Kandiyohi County Jail*, 2001

WL 987542, at*1 (8th Cir. 2001) (police departments are generally not suable entities under

§ 1983; local governments can be liable under § 1983 only if injury stems from official policy or

custom). To the extent Defendant Gray's employer is the local government, Plaintiff has failed to

allege that any unlawful actions were performed pursuant to policy or custom. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

Lastly, Plaintiff has failed to state a claim against defendants Jason Ryan, an employee of Reflections Consulting, LLC, or SEMO-NASV and its' employees, Brandie Bell and Chastity Durbin. To state a claim under § 1983, a plaintiff must establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation *was committed by a person acting under color of state law*. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *Neighborhood Enters., Inc. v. City of St. Louis*, 540 F.3d 882, 885 (8th Cir. 2008) (quoting *West*). Plaintiff does not allege that Defendants Ryan, Bell, Durbin, or SEMO-NASV are state actors, and do not provide any information as to how they engaged in conduct that would be chargeable to the State. Plaintiff's complaint is completely devoid of factual allegations showing that Reflections Consulting, LLC or SEMO-NASV are anything other than private organizations. To the extent Plaintiff is alleging these Defendants violated their constitutional rights by providing medical information to the State, such a claim fails. *See e.g.*, *Young v. Arkansas Children's Hosp.*, 721 F. Supp. 197, 198 (E.D. Ark. 1989) ("the mere furnishing of information by a private party to a law enforcement official, even if the information is false, is not sufficient to constitute joint activity with State officials in prohibited action or to state a claim against a private party under § 1983)."

For the above stated reasons, this Court will decline to stay this case under *Wallace v. Kato*, and will instead dismiss this action without prejudice for failure to state a claim against all named Defendants.[5]

---

[5] If Plaintiff believes the Missouri state courts have wrongly adjudicated her claims, she can bring a petition pursuant to 28 U.S.C. § 2254, after she has exhausted her state remedies. *See Cox v. Horack*, No. 1:19-CV-00185-JAR, 2020

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Lashondia S. Parry's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Lashondia S. Parry must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STRIKE** Frank Clifford Parry, IV from this action.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [ECF No. 3] is **DENIED** as **moot**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

WL 1031022, at *3 (E.D. Mo. Mar. 3, 2020), certificate of appealability denied, No. 20-1574, 2020 WL 5526677 (8th Cir. June 17, 2020)

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of December, 2021.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE